[See Case No. 12,056.]

---

## Case No. 12,055.

### In re ROSENBERG.

[3 Ben. 366;[1] 3 N. B. R. 130 (Quarto, 33).]

District Court, S. D. New York. Aug., 1869.

BANKRUPTCY — REMOVAL OF PROPERTY AFTER ASSIGNMENT.

1. Where property, which had been mortgaged by the bankrupt in such wise as to constitute the mortgage a valid security as against the assignee, under the 14th section of the bankruptcy act [of 1867 (14 Stat. 522)] was taken, by an assignee of the mortgage, from the possession of the bankrupt, after the appointment of the assignee in bankruptcy: Held, that, from the time of the appointment of the assignee, the possession of the property by the bankrupt was the possession of it by the assignee;

[Cited in Phelps v. Sellick, Case No. 11,079.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

2. The taking of it was unlawful, and it must be restored to the assignee. or, if any part of it was not restored, the parties concerned in taking it must account for its value as of the time when it was taken.

[Cited in Re Hufnagel, Case No. 6,837.]

[In the matter of Israel M. Rosenberg, a bankrupt.]

T. Burwell, for assignee in bankruptcy.

M. J. Friedlander, for defendants.

BLATCHFORD, District Judge. The bankrupt filed his voluntary petition in bankruptcy in this court, on the 24th of December, 1868. Horace Bedell was appointed his assignee on the 3d of February, 1869. In October, 1868, Mrs. Adele Gilbert loaned to the bankrupt the sum of $250, no time of repayment being agreed upon. On the 17th of December, 1868, she loaned to the bankrupt the further sum of $1,000, on the security, then and there given, of a chattel mortgage, executed by the bankrupt to her, on certain household furniture of his. The loan of the $1,000 was made on the condition that the mortgage should secure the payment not only of the $1,000, but of the $250 previously lent. The mortgage was so drawn, and the amount secured by it was made payable on demand, and it was duly filed in the proper office. On the 5th of February, 1869, the mortgagee demanded payment from the bankrupt of the amount secured by the mortgage. On the 8th of February, 1869, Mrs. Gilbert assigned the mortgage to Joseph A. Salomon, and Salomon then and there paid to her, as the consideration therefor, the sum of $1,250. Subsequently, Salomon obtained possession of the mortgaged property, it having been removed from the possession of the bankrupt without the consent or knowledge of the assignee in bankruptcy. What has since become of the property does not appear. The assignee in bankruptcy now presents a petition to this court, claiming that the mortgage is void as to the creditors of the bankrupt, and praying that it may be set aside as fraudulent and void, and that the property may be put into his possession, and be sold for the benefit of the creditors of the bankrupt. Mrs. Gilbert and Salomon and the bankrupt have appeared, and answered the petition, and proofs have been taken, on a reference for that purpose.

The mortgage to Mrs. Gilbert, so far as concerns the $1,000 of the amount secured by it, is not shown not to have been made in good faith. It was made for a then present consideration of $1,000 loaned, and was given as security for the debt thus created, and was, in all respects, otherwise valid, and was recorded pursuant to the statute of the state of New York. It must, therefore, under the 14th section of the bankruptcy act, be held to be a valid mortgage, as against the assignee in bankruptcy, so far as $1,000 of the amount secured by it is concerned. As to the $250 covered by the mortgage, I think the evidence fails to show that Mrs. Gilbert had reasonable cause to believe, when she received the mortgage, that it was made in fraud of any provision of the bankruptcy act. It must, therefore, stand as a valid mortgage for the whole amount secured by it. But, while the amount secured by the mortgage must be paid out of the proceeds of the property, if they are sufficient for that purpose, the property itself must be sold in such manner as to realize the largest possible amount. It passed to the assignee in bankruptcy, and the title to it vested in him as of the 24th of December, 1868. The debt was not demanded from the bankrupt, nor was any action taken by the mortgagee to disturb the status of the property, until after the assignee was appointed. From the time of the filing of the bankrupt's petition, the property was in the custody of the court, and, at least, from the time of the appointment of the assignee, the possession of it by the bankrupt was, in law, the possession of it by the assignee. The taking of any of it under the mortgage was, after that time, unlawful, and a taking of it from the custody of this court, and of an officer thereof. Its value must be accounted for as of the time it was taken. It appears by the bankrupt's schedules that the value of the property exceeds the amount of the mortgage. The assignee in bankruptcy has a right to sell the property, if it can be restored to him in specie, and retain the surplus of its proceeds, after paying the mortgage. If it, or any part of it, shall not be restored to him, the defendants concerned in taking it, or such part of it, must account to the assignee in bankruptcy for its value, or for the value of such part of it, as of the time it was taken. If a reference is necessary to ascertain such value, it must be had before the register in charge of the case. When his report thereon shall be made, the court will make such order as shall be proper as to the payment of the mortgage.